J-S09009-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD HARVEY FOSTER, | : | |
| | : | |
| Appellant | : | No. 505 WDA 2018 |

Appeal from the Judgment of Sentence October 17, 2018
in the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0002368-2016

BEFORE:     PANELLA, P.J., LAZARUS, J. and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

FILED: September 9, 2019

I join the Majority Memorandum, but write separately to clarify my position regarding whether the trial court erred in permitting the jury to review text messages between Appellant and Mathesius.  The Majority concludes that that the trial court did not err in permitting the jury to review the text messages because these "text messages were not a 'recorded confession' within the meaning of Pa.R.Crim.P. 646(C)(2)."[1] Majority Memorandum at 21.  However, because the text messages are not confessions at all, I would conclude that Rule 646(C)(2) cannot apply, and therefore there could not have been trial court error on this basis.

---

[1] The Majority also concludes that this issue is waived because Appellant did not object to the jury reviewing these text messages. Majority Memorandum at 21.  I agree with this position.

---

* Retired Senior Judge assigned to the Superior Court.

Rule 646(C)(2) provides that "[d]uring deliberations, the jury shall not be permitted to have … a copy of any written or otherwise recorded confession by the defendant."  This rule specifically applies to "confessions." The text messages between Appellant and Mathesius are better characterized as "voluntary, extrajudicial statements." ***Commonwealth v. Tervalon***, 345 A.2d 671, 676 (Pa. 1975).  Voluntary extra-judicial statements "differ from confessions in that they do not acknowledge all essential elements of a crime, [and] are generally considered to qualify for introduction into evidence under the admission exception to the hearsay rule." ***Id***. ***See also***, 1 McCormick On Evid. § 144 (7th ed.) (distinguishing between types of self-incriminating statements by a defendant and pointing out that traditionally, a confession is "a statement admitting all facts necessary for conviction of the crime at issue" while an admission is "an acknowledgement of one or more facts tending to prove guilt but not all of the facts necessary to do so").

Instantly, Rule 646(c)(2) does not prohibit all statements made by a criminal defendant from going to the jury; rather, it prohibits "confessions." Thus, because the text messages would not qualify as confessions, I would conclude the trial court could not have erred pursuant to this Rule.[2] Accordingly, Appellant is not entitled to relief on this claim.

---

[2] It is worth noting that any item going to the jury that is not specifically prohibited by Rule 646(c) is subject to an abuse of discretion standard. ***See***
*(Footnote Continued Next Page)*

*(Footnote Continued)* ————————

***Commonwealth v. Barnett***, 50 A.3d 176, 194 (Pa. Super. 2012) (pointing out that where a "written statement … is not specifically prohibited by Pa.R.Crim.P. 646(C), … publication to the jury falls squarely within the discretion of the trial court and, thus, the decision cannot be overturned absent an abuse of discretion").